The STATE of Ohio, Appellee,

v.

OWENS, Appellant.

[Cite as *State v. Owens* (1992), 81 Ohio App.3d 412.]

Court of Appeals of Ohio,
Ross County.

No. 1707.

Decided June 17, 1992.

*Scott W. Nusbaum,* Assistant Prosecuting Attorney, for appellee.
*Dennis Pusateri* and *Barry W. Wilford,* for appellant.

GREY, Judge.

This is an appeal from a judgment of the Ross County Court of Common Pleas. The trial court found Francis Owens guilty of rape in violation of R.C. 2907.02. We reverse.

On October 13, 1989, the Ross County Grand Jury indicted Owens and charged him with the rape of Elaine Fry, age thirteen, sometime between December 1, 1988 and January 31, 1989. An examination of Fry on February 22, 1989 indicated that she was six weeks' pregnant. Fry had an abortion in early March. Owens entered a plea of not guilty.

Prior to trial the defense filed a motion *in limine*, asking the trial court to determine the admissibility of DNA typing performed by Cellmark Diagnostics, a company operating out of Germantown, Maryland. During a hearing on that motion, the defense had an opportunity to cross-examine the state's expert witnesses concerning their findings. Based on an examination and comparison of samples of Fry's blood, Owens' blood, and the aborted fetal

tissue, these experts determined that Owens was the father of the aborted fetus. The trial court denied the motion *in limine* and permitted the DNA testing evidence to be admitted at trial.

On the day of the trial, defense counsel moved for a continuance because he could not reach his expert witness, Dr. Karl. He said he was not prepared to go forward because she would not be at the trial. Trial counsel had not subpoenaed his expert. The trial court denied the motion for a continuance. Defense counsel then moved to withdraw as counsel on the grounds that he could not present an adequate defense under the circumstances. The trial court also denied that motion, and the matter proceeded to trial.

The state presented testimony from Elaine Fry, Detective Nichols, the investigating officer who interviewed Owens prior to his arrest, and Dr. Eaton, the doctor who examined Fry and confirmed her pregnancy. Trial counsel did not object to admission of any evidence or cross-examine any of these witnesses. The state rested after it submitted all of its documentary DNA-testing evidence.

Trial counsel moved for a mistrial on the grounds of ineffective assistance of counsel, *i.e.*, that he himself had nothing to aid his client. The trial court denied that motion. Trial counsel then said he would present no witnesses for the defense and rested. At no time did the trial court order defense counsel to proceed or to present a defense for Owens.

The trial court found Owens guilty as charged. Owens filed a motion for a new trial. At the hearing on the motion, the state called Dr. Karl, who testified that she was not asked to testify at Owens' trial nor could she remember having a conversation with trial counsel about her appearance in court. Karl further testified that she had not been given any of the DNA-testing results prior to the trial on July 11, 1990. Karl testified that she did not see such material until July 12, 1990. The trial court denied Owens' motion for a new trial and sentenced him to ten to twenty-five years with ten years' actual incarceration.

Owens appeals and assigns three errors:

FIRST ASSIGNMENT OF ERROR

"The denial by the trial court of defendant's motion to continue the trial was an abuse of judicial discretion which deprived defendant of rights to a fair trial and effective assistance of counsel guaranteed by the United States Constitution V, VI and XIV, and Ohio Constitution Article I, Section 10."

Owens asserts that the trial court abused its discretion when it refused to continue the trial because his expert witness was unavailable. We dis-

agree. Owens further asserts that such a denial deprived him of his right to a fair trial and effective assistance of counsel. Again, we disagree.

While Owens was denied his right to a fair trial and to effective assistance of counsel, we cannot find that such a denial resulted from the trial court's failure to grant the requested continuance. A trial court is given broad discretion in deciding whether or not to grant a continuance of trial proceedings. *State v. Unger* (1981), 67 Ohio St.2d 65, 21 O.O.3d 41, 423 N.E.2d 1078. The *Unger* court developed a flexible balancing test to determine whether such a motion should be granted. The court held:

"In evaluating a motion for a continuance, a court should note, *inter alia*: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *Id.* at 67–68, 21 O.O.3d at 43, 423 N.E.2d at 1080.

Trial counsel did not subpoena Dr. Karl to ensure her attendance at trial. He did little or nothing to obtain a pretrial review of the Cellmark documents by Dr. Karl, although he had previously requested a continuance in May 1990, in order to prepare Dr. Karl. Karl testified during the hearing on a motion for a new trial that she was not given time to prepare. Trial counsel requested a continuance the day of trial when all witnesses had been assembled, the courtroom had been set aside and the trial had been scheduled on the judge's docket. To continue the trial again in all probability would have caused distress to Elaine Fry and inconvenience to the other witnesses.

In light of the above, we find, pursuant to *Unger, supra,* that the trial court did not abuse its discretion by refusing to grant Owens' motion for a continuance. Owens' first assignment of error is not well taken and is overruled.

SECOND ASSIGNMENT OF ERROR

"Defendant was deprived of the right to effective assistance of counsel in the proceedings below as secured by the United State [*sic* ] Constitution Amendment VI and XIV and Ohio Constitution Article I, Section 10."

As we previously stated we find that Owens was indeed deprived of effective assistance of counsel. We also find, based on the record before this court, that this lack of effective counsel was entirely the fault of trial counsel but that the court erred in allowing it to happen.

The controlling United States Supreme Court case on effective assistance of counsel is *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, which holds that every person charged with a criminal offense shall be afforded effective assistance of counsel for his defense. The effectiveness of counsel comes down to a two-prong analysis set out in *Strickland, supra,* and adopted by the Ohio Supreme Court most recently in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

In *Bradley,* the court held at paragraph two of the syllabus:

"Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. * * * "

The court further held at paragraph three of the syllabus:

"To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

In applying the first prong of the *Strickland/Bradley* test we must determine if Owens' counsel's performance fell below an objective standard of reasonableness or whether it was calculated trial strategy. In order to do this, however, there has to be some sort of performance on the part of trial counsel to assess. Below, there was none. When trial counsel's motion for continuance was denied by the trial court, he simply refused to act as an attorney, and completely abandoned his responsibility to his client. Counsel refused to cross-examine witnesses or present any defense on his client's behalf.

A total abdication of duty should never be viewed as permissible trial strategy. *State v. Johnson* (1986), 24 Ohio St.3d 87, 24 OBR 282, 494 N.E.2d 1061. Trial counsel's conduct at trial was reprehensible, but the error here lies not with the conduct of trial counsel but with the inaction of the trial court. " * * * [I]t is well recognized that duty rests on the trial court, as well as on defendant's counsel, to take special care to see that an accused's rights are properly protected." *Id.* at 91, 24 OBR at 285, 494 N.E.2d at 1065; *Powell v. Alabama* (1932), 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158. The lesson of *Powell* is that a trial judge must exercise extreme caution to ensure that full justice is accorded to the accused. The trial court failed to protect Owens' right to a fair trial and effective counsel when the court permitted trial counsel to fail to cross-examine witnesses or to present a defense for Owens. The trial court erred when it failed to order counsel, under threat of contempt,

to provide his client with effective representation. Thus, the first prong of the *Strickland/Bradley* test has been met.

▮ We now must determine whether Owens was prejudiced by his counsel's conduct or the trial court's failure and determine if the result of the trial would have been different. It is reasonable to assume that there would have been some difference in the outcome below had trial counsel been ordered to present a defense on Owens' behalf. However, because there was no defense presented at all by trial counsel, we cannot with any degree of certainty speculate on what the outcome of the trial would have been had Owens been afforded effective assistance of counsel. The second prong of the *Strickland/Bradley* test has also been met. Our opinion should not be construed to limit or hinder any trial court in its power to maintain its docket or to control the conduct of counsel who appear before the court. If counsel is negligent, contumelious, arrogant, or petulant, the trial court should not tolerate such behavior and should impose appropriate sanctions. But the sanctions have to be imposed against the attorney and not the defendant. In this case, defense counsel failed to prepare his expert witness and when the continuance was denied, he continued his recalcitrance by not putting on any defense.

The defendant, caught up in this test of wills between the court and counsel, was convicted and sentenced without having had a fair trial. We cannot allow this to happen, but nothing in this opinion should be construed to prevent the trial court, on remand, from conducting a hearing into trial counsel's behavior or imposing an appropriate sanction. Owens' second assignment of error is well taken and is sustained.

THIRD ASSIGNMENT OF ERROR

"The trial court erred by admitting into evidence the expert testimony and exhibits of the DNA testing conducted by Cellmark Diagnostics, Inc. without adequate inquiry as to the reliability of the forensic application of such testing in this case."

▮ The issue of the admissibility of expert testimony at trial has been decided by the Ohio Supreme Court in *State v. Williams* (1983), 4 Ohio St.3d 53, 4 OBR 144, 446 N.E.2d 444. In *Williams* the court held:

"The Ohio Rules of Evidence establish adequate preconditions for admissibility of expert testimony * * *. It is within the sound discretion of the state's judiciary, on a case by case basis, to decide whether such testimony is relevant and will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* at syllabus.

Although *Williams* dealt with spectrographic voice analysis we feel that the same principle may be applied to the case presently before this court. In attempting to establish whether Owens raped Elaine Fry, evidence of DNA testing which resulted in the identity of the paternity of Fry's aborted fetus is most certainly relevant. It follows then that such relevant evidence would assist the trier of fact in determining the ultimate issue in the matter below.

As an appellate court we may only reverse a trial court's decision if there has been an abuse of discretion. The term "abuse of discretion" connotes more than an error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable. *Tracy v. Merrell–Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 569 N.E.2d 875.

The DNA tests were relevant, if they were reliable, because they make the existence of the fact of paternity more likely. Unreliable tests are irrelevant, of course, because they do not make the existence of a fact more likely. In order for the court to refuse this relevant evidence, it would have to have found that the tests were not reliable. But neither Dr. Karl nor any other witness challenged the procedures or methodology which might have called the validity of these tests into question. As such, there was no basis for excluding this evidence, and the trial court did not err in admitting it. Assignment of error three is not well taken and is overruled.

Based on the foregoing, the decision of the trial court is reversed, and this case is remanded for a new trial and such other proceedings as the trial court deems necessary to protect the integrity of the trial process.

*Judgment reversed*
*and cause remanded.*

STEPHENSON, P.J., and HARSHA, J., concur.

STEPHENSON, Presiding Judge, concurring.

I concur in the judgment of the principal opinion. However, a review of the trial transcript indicates that counsel did in fact interpose certain objections to the state's evidence. I would concur in the principal opinion as well as the judgment if the sentence beginning with "Trial counsel did not object to admission of any evidence * * * " were deleted.