DECISION
Michael E. Clark, defendant-appellant, appeals the May 9, 2001 judgment of the Franklin County Court of Common Pleas, denying his motion to vacate or set aside his sentence.
On December 4, 1998, a jury found appellant guilty of aggravated robbery with a firearm specification, robbery, aggravated burglary with a firearm specification, and burglary. The charges arose out of a May 13, 1998 incident during which a masked man robbed the manager of an apartment complex. The manager of the complex identified appellant as the robber because she recognized his voice and thought he was a former employee. Appellant's wife, Octavia Clark, testified that, although she did not remember specifically, she believes she was on the phone with appellant at the approximate time of the incident because it was her habit to speak with him every day. Appellant was initially represented at his original trial by appointed counsel Tim Pierce, but Pierce was replaced before trial by Christopher King, who was retained by appellant's family.
On appeal, the convictions for aggravated robbery, burglary, and the firearm specifications were reversed due to insufficiency of the evidence, and the matter was remanded to the trial court. State v. Clark (Sept. 28, 1999), Franklin App. No. 98AP-1650, unreported. Upon remand, the trial court vacated the convictions and sentences as to three of the counts and sentenced appellant to seven years imprisonment on the robbery charge. Appellant appealed the trial court's sentencing.
On August 9, 1999, appellant filed a petition to vacate or set aside judgment pursuant to R.C. 2953.21. On August 17, 1999, appellant filed an amended petition to vacate or set aside judgment. In his petition, appellant asserted he was prejudiced by ineffective trial counsel. Specifically, appellant claims despite his directions and Pierce's conversations with King, King failed to interview or subpoena an alibi witness, Darrin Daniels, who would have testified he had seen appellant elsewhere at the time of the crime. On April 24, 2000, the trial court denied appellant's petition without an evidentiary hearing. In State v. Clark (Mar. 13, 2001), Franklin App. No. 00AP-577, unreported, this court reversed the judgment and remanded the case to the trial court to conduct an evidentiary hearing. Further, in State v. Clark (Apr. 17, 2001), Franklin App. No. 00AP-591, unreported, we reversed the trial court's sentence of seven years incarceration on the robbery charge.
The trial court held a hearing on both remands, at which appellant and Pierce testified regarding King's failure to contact Daniels prior to trial. Counsel then sought to call Daniels as a witness, but Daniels was not present. The trial court denied counsel's request for a continuance in an attempt to procure Daniels, denied the petition, and resentenced appellant to seven years incarceration. Appellant appeals the trial court's judgment denying his petition, asserting the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
 The trial court erred when it concluded that Appellant was not denied the effective assistance of trial counsel.
SECOND ASSIGNMENT OF ERROR:
 The trial court erred in refusing to grant a short continuance of the postconviction evidentiary hearing to enable Appellant to secure a witness's testimony. The trial court's error was an abuse of discretion and deprived Appellant of his constitutional right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.
We will first address appellant's second assignment of error. Appellant argues in his second assignment of error the trial court erred in refusing to grant a continuance to enable him to find Daniels so he could be called as a witness. It is well-established in Ohio the decision to grant or deny a continuance rests within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. Burton v. Burton (1999), 132 Ohio App.3d 473, 475. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies the trial court's attitude was unreasonable, arbitrary, or capricious. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. "In determining whether the trial court abused its discretion in granting or denying the motion for a continuance, a reviewing court must balance the interests of judicial economy and justice against any potential prejudice to the defendant." Griffin v. Lamberjack (1994),96 Ohio App.3d 257, 264. Some of the objective factors that a reviewing court should consider include the following:
 * * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. State v. Unger (1981), 67 Ohio St.2d 65, 67-68.
In the present case, we find the trial court did not err in denying appellant's request for a continuance to locate Daniels. Appellant's counsel failed to subpoena Daniels as a witness, relying instead upon Daniels' promise that he would appear at the hearing. Thus, the trial court was within its discretion to deny a continuance. See State v. Owens (1992), 81 Ohio App.3d 412, 414-415 (no abuse of discretion in denying continuance to obtain witness testimony when counsel failed to subpoena witnesses); State v. Wyke (Sept. 21, 1999), Franklin App. No. 98AP-1084, citing Owens, supra.
Appellant's argument that his counsel had inadequate time to prepare for the hearing and locate and subpoena Daniels is also unpersuasive. Appellant's counsel stated that at a scheduling conference on April 17, 2001, the court's staff attorney told her the post-conviction relief hearing would not be scheduled for six to eight weeks, but then a journal entry was filed the following day setting the hearing for April 27, 2001. Even so, appellant's counsel had nine days to subpoena Daniels. Counsel indicated she located Daniels at his aunt's house and talked to him the day before the hearing; thus, there was an opportunity to subpoena Daniels before the hearing to assure his attendance. Appellant's counsel did not request a continuance before the hearing and did not raise the issue with the trial court until the moment she wished to call Daniels to the stand. In addition, although appellant implies in his brief that Daniels was in the area near the courtroom, neither appellant nor his counsel knew whether Daniels had been at the courthouse that day. At no time did appellant's counsel indicate to the court how much time would be necessary to locate Daniels; thus, locating Daniels could have caused substantial delay. Therefore, we find the trial court did not abuse its discretion in denying appellant's motion for continuance. Appellant's second assignment of error is overruled.
Appellant argues in his first assignment of error that the trial court erred in finding he was not denied effective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. Strickland v. Washington (1984), 466 U.S. 668, 687. To demonstrate deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Id. The adequacy of counsel's performance is reviewed in light of all the circumstances surrounding the trial. Id. Assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. State v. Bradley (1989), 42 Ohio St.3d 136, 142. Reversal is warranted only where the defendant demonstrates there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
In the present case, appellant claims his trial counsel was ineffective because he did not interview Daniels or call him as an alibi witness at the original trial. However, it has been previously held that "[d]ecisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics." State v. Miller (1988),43 Ohio App.3d 44, 45. Accordingly, courts have traditionally been reluctant to find ineffective assistance of counsel in those cases where an attorney fails to call a particular witness. See State v. Otte (1996), 74 Ohio St.3d 555, 565-566; State v. Williams (1996),74 Ohio St.3d 456.
Initially, we note that although appellant claims his trial counsel never interviewed Daniels, there is no independent evidence in the record to support this claim. Daniels' affidavit states only that he would have testified in court had appellant's lawyer subpoenaed him. Daniels does not indicate in his affidavit that King never spoke to him. Although appellant states in his affidavit that he does not believe King spoke to Daniels, appellant's self-serving affidavit is insufficient to allow post-conviction relief. See State v. Kapper (1983), 5 Ohio St.3d 36,38-39; State v. Jackson (1980), 64 Ohio St.2d 107, 120. Although appellant's counsel proffered to the trial court that Daniels would have testified he was never contacted by King, because Daniels did not testify and we found above that the trial court did not err in refusing to grant a continuance to procure testimony, we cannot consider such evidence. Thus, appellant failed to demonstrate that King did not interview Daniels.
Regardless, there are numerous reasons why King may have failed to call Daniels to testify at the original trial that would have been purely a matter of trial tactics. Both Pierce and appellant testified they had informed King of Daniels' potential testimony, and appellant testified he gave King Daniels' phone number and address. Thus, even if King did not speak to Daniels, it is possible he could have conducted a criminal record check of Daniels and discovered something negative in Daniels' background. King could have also found Daniels had outstanding warrants. Pierce admitted that while he represented appellant, he never conducted a criminal record check on Daniels. Thus, King could have believed Daniels would not be a convincing or credible witness, thereby actually harming appellant's defense. See State v. Dawson (July 30, 1997), Summit App. No. 18216, unreported (defense counsel's failure to call a witness because of questionable credibility and potential bias is a matter of trial strategy).
In addition, King may have adjudged Daniels' potential testimony itself weak, vague, or implausible and considered that rebuttal witnesses could have seriously undermined Daniels' claims or contradicted other aspects of the case. This court is unable to review the plausibility of Daniels' claims because Daniels did not testify, and Pierce testified that he did not remember precisely what Daniels had told him. Noticeably, Daniels' affidavit fails to indicate the time at which he allegedly saw appellant on the date of the crime. Without any reference to a particular time, Daniels' affidavit is largely useless. Although Pierce did not remember the content of Daniels' potential testimony, he testified he had apparently found Daniels' claims compelling enough to subpoena him for the original trial while he was still representing appellant. However, the persuasive value of Pierce's testimony in this regard is weak, given that the United States Supreme Court has recognized that "[t]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Strickland, supra, at 690.
In sum, although it is true that counsel for appellant was not required to call appellant's former trial counsel, King, to testify at the post-conviction relief hearing, such testimony, or at least an affidavit, would have been valuable. We do not know why counsel did not wish to have King testify at the post-conviction relief hearing, having told the trial court only that she "had no interest in having Mr. King testify, Your Honor." As a result, the trial court had only the testimony and affidavit of Pierce and Daniels to consider. Appellant had the burden of demonstrating that counsel's action was not sound trial strategy. See State v. Smith (1985), 17 Ohio St.3d 98, 100. Given the lack of evidence and testimony from Daniels or King, we find appellant failed to show trial counsel's representation fell below an objective standard of reasonableness and that he did not overcome the strong presumption that King's conduct fell within the wide range of reasonable assistance. Therefore, appellant's first assignment of error is overruled.
Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT, P.J., and PETREE, J., concur.