OPINION
{¶ 1} Gregory G. White appeals pro se from the trial court's denial of his petition for post-conviction relief.
 {¶ 2} White advances four assignments of error on appeal. First, he contends the trial court erred in denying his petition without conducting an evidentiary hearing. Second, he claims the trial court erred in finding that his agreed sentence of ten years in prison did not violate Blakely v. Washington (2004),542 U.S. 296, or United States v. Booker (2005), 543 U.S. 220. Third, he asserts that the trial court erred in finding no ineffective assistance of trial counsel. Fourth, he argues that his ten-year sentence is void for lack of notice and a meaningful opportunity to be heard.
 {¶ 3} The record reflects that White entered guilty pleas to charges of robbery and aggravated robbery. He and the prosecutor proposed an agreed sentence of eight years in prison for the aggravated robbery conviction and a consecutive two-year term for the robbery conviction. This sentence was within the authorized statutory range for his offenses. The trial court sentenced White in accordance with the parties' agreement.
 {¶ 4} White subsequently filed a pro se petition for post-conviction relief under R.C. 2953.21, seeking a reduction of his sentence to an aggregate term of three years in prison. In support, he argued that the trial court improperly had made certain findings to support the ten-year sentence. In particular, he disputed the trial court taking into consideration a prior conviction without any evidence to support it and finding serious psychological harm to the victims without a presentence-investigation report or a victim-impact statement. The trial court denied the petition in a May 12, 2005, decision and entry. Although the trial court briefly addressed the merits of White's arguments, it also held that his petition failed because the ten-year sentence was an agreed-upon one. This timely appeal followed.
 {¶ 5} In his first assignment of error, White contends the trial court erred in denying his petition without conducting an evidentiary hearing. We disagree. It is well settled that a petitioner bears the initial burden to submit evidentiary documents containing operative facts sufficient to demonstrate substantive grounds for relief. State v. Jackson (1980),64 Ohio St.2d 107, 111; State v. Kapper (1983), 5 Ohio St.3d 36,38. A hearing is not required absent a showing that substantive grounds for relief exist. State v. Moreland (Jan. 7, 2000), Montgomery App. No. 17557.
 {¶ 6} Here White has not demonstrated any substantive grounds for relief. We reach this conclusion for at least three reasons. First, in support of his arguments, White cites his plea and sentencing-hearing transcripts (which are not part of the record before us) and the trial court's sentencing entry itself. His reliance on these documents indicates that he could have raised his arguments on direct appeal. Second, none of White's arguments appear to depend on evidence that could be obtained through an evidentiary hearing on his petition. Third, and most importantly, White agreed to the sentence he received. For the foregoing reasons, White's first assignment of error is overruled.
 {¶ 7} White's other assignments of error are equally unpersuasive. Given that he agreed to the sentence imposed, White has no viable argument under Blakely or Booker. Moreover, in light of the agreed sentence, the absence of evidence of a prior conviction is immaterial, as is the absence of a presentence-investigation report or a victim-impact statement. Because White agreed to the sentence he received, trial counsel also did not provide ineffective assistance by failing to present mitigating evidence at the sentencing hearing. Finally, White's argument about a lack of notice that his sentence would be "enhanced" fails because he agreed to the sentence. His second, third, and fourth assignments of error are overruled.
 {¶ 8} The judgment of the Clark County Common Pleas Court is hereby affirmed.
Grady, P.J., and Wolff, J. concur.