DECISION AND JUDGMENT ENTRY
{¶ 1} Santravis Cobb appeals from his judgment of conviction for drug possession and drug trafficking. Cobb contends that the trial court erred when it denied his request for a continuance to enable privately retained counsel to substitute for appointed counsel and prepare his defense. The trial court did not abuse its discretion in denying Cobb's untimely requests, which he made on the morning of trial. Despite the fact appointed counsel had a prior opportunity to request a continuance, he waited until the last minute to do so. Thus, the belated motions were contrary to the public's interest in the prompt and efficient dispatch of justice.
 {¶ 2} Cobb also contends that the trial court erred in sentencing him to maximum, consecutive ten-year prison terms for his two offenses rather than a three-year minimum sentence. As a result of plea negotiations, Cobb agreed to the sentence *Page 2 
imposed by the trial court. Because the sentence was authorized by law, he has no basis for an appeal on those grounds.
 {¶ 3} Overruling both assignments of error, we affirm the judgment of conviction and sentence in this case.
 I. Facts {¶ 4} In March 2006, a Scioto County grand jury indicted Cobb on one count of possession of crack cocaine and one count of trafficking of crack cocaine, both first-degree felonies. The indictment also alleged major drug offender and forfeiture specifications against Cobb. After execution of a warrant, Cobb appeared for arraignment in April 2006, at which time he filed an affidavit of indigency and received appointed counsel.
 {¶ 5} After conducting a pretrial and suppression hearing on May 4 and 5, 2006, respectively, the court was prepared to begin the trial on May 8, 2006. On the morning of the scheduled trial, Cobb filed a motion for leave to substitute privately retained counsel for appointed counsel. The retained counsel appeared before the court asking that he be allowed to appear on Cobb's behalf. He requested a continuance for the purpose of preparing Cobb's defense, and indicated Cobb would waive his right to a speedy trial if the court granted the continuance. Cobb's appointed counsel advised the court that he did not feel adequately prepared for trial because at the pretrial held on May 4, 2006, he became aware of "other acts" evidence that would be used against Cobb at trial and then in supplemental discovery learned there would be ten witnesses at the trial. *Page 3 
 {¶ 6} The state strenuously opposed any continuance, arguing that it had a busy trial schedule and had 15 witnesses standing by ready for trial in this case, and that Cobb's defense counsel had previously consented to the May 8 trial date.
 {¶ 7} Noting that it had recently continued other cases in anticipation of this case going to trial and there was no prior indication that defendant was considering new counsel, the trial court overruled the motion. The court indicated it would proceed with the trial. Then Cobb entered into negotiations that resulted in a no contest plea to both counts of the indictment. He did so after being advised of and agreeing to his sentence: a ten-year prison term on each count with the ten-year terms running consecutively to each other.
 II. Assignments of Error {¶ 8} Cobb's appeal presents two assignments of error for our review:
 FIRST ASSIGNMENT OF ERROR
 WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED DEFENDANT-APPELLANT'S REQUEST TO CONTINUE HIS TRIAL TO PERMIT PRIVATELY RETAINED COUNSEL TO REPRESENT HIM?
 SECOND ASSIGNMENT OF ERROR
 WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MAXIMUM CONSECUTIVE SENTENCES?
 III. Denial of Continuance {¶ 9} In his first assignment of error, Cobb asserts the trial court erred in denying his request for a continuance to enable privately retained counsel to enter an appearance and prepare the defense to the charges. Cobb argues that appointed *Page 4 
counsel was not prepared to try the case because counsel had learned just four days before the scheduled trial date that the prosecution planned to present "other acts" evidence and ten witnesses at the trial.
 {¶ 10} The Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States (1988), 486 U.S. 153, 159,108 S.Ct. 1692, 1697, 100 L.Ed.2d 140, 148. Thus, "[a] defendant has only apresumptive right to employ his own chosen counsel." (Emphasissic.) State v. Keenan (1998), 81 Ohio St.3d 133, 137. " `[T]he important right to counsel of choice is not absolute; it must be balanced against the court's authority to control its own docket, and a court must beware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court.' " State v. Harmon, Pickaway App. No. 04CA22,2005-Ohio-1974, at {¶ 32, quoting United States v. Kryzyske (C.A.6, 1988), 836 F.2d 1013, 1017. See, also, State v. Coleman (1988),37 Ohio St.3d 286; State v. Cox (Dec. 12, 1994), Lawrence App. No. 94CA01.
 {¶ 11} Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include the timeliness of the motion and whether there was a conflict between the attorney and the client that was so great that it resulted in a total lack of communication preventing an adequate defense. State v.Jones, 91 Ohio St.3d 335, 342; Harmon, supra, at {¶ 33; United States v.Jennings *Page 5 
(C.A.6, 1996), 83 F.3d 145, 148. "In addition, courts should `balanc[e] * * * the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice.'"Jones, supra, at 342-343, quoting Jennings, supra. A trial court's decision regarding the substitution of counsel is within the sound discretion of the trial court. Jones, supra, at 343, citingWheat, 486 U.S. at 164, 108 S.Ct. at 1700, 100 L.Ed.2d at 152;Harmon, supra, at {¶ 33; Cox, supra.
 {¶ 12} Likewise, the grant or denial of a continuance is a matter that is entrusted to the sound discretion of the trial court. State v.Unger (1981), 67 Ohio St.2d 65, syllabus; Jones, supra, at 342. In evaluating a motion for a continuance, a court should consider,inter alia, the length of the delay requested; the inconvenience to the litigants, witnesses, opposing counsel, and the court; and whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived. Unger, supra, at 67-68; Jones, supra, at 342.
 {¶ 13} An abuse of discretion involves far more than a difference in opinion. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. State v. Jenkins
(1984), 15 Ohio St.3d 164, 222, certiorari denied (1985), 472 U.S. 1032;Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87. *Page 6 
 {¶ 14} Under the circumstances in this case, we find no abuse of the trial court's discretion in denying Cobb's request for a continuance to enable privately retained counsel to enter an appearance and prepare the defense.
 {¶ 15} First, the motion for continuance was untimely, having been first presented to the trial court on the morning of trial. Second, appellant failed to indicate on the record the length of the delay requested. A defendant's request to substitute retained counsel of his choice must be timely and not disrupt the trial proceedings. State v.Cox (Dec. 12, 1994), Lawrence App. No. 94CA01. A trial court does not abuse its discretion in denying a motion for continuance made on the morning of trial for purposes of allowing additional time to prepare a defense where defense counsel was aware of the facts and circumstances several days before trial. See, State v. Goode, Montgomery App. No. 19273, 2003-Ohio-4323, {¶ 14; State v. Owens (1992), 81 Ohio App.3d 412,415; State v. Young (Aug. 4, 1996), Ross App. No. 95CA2126.
 {¶ 16} Third, continuance of the trial in this case would have inconvenienced the witnesses, opposing counsel, and the court. Vigorously opposing the requested continuance, the state advised the court that it was ready to proceed and had 15 witnesses ready to testify at the trial, including one who had been transported from a correctional institution.
 {¶ 17} Fourth, the trial court could have reasonably decided that appellant's untimely request for a continuance did not outweigh the court's authority to control its own docket. Harmon, supra. The trial court noted that just three days prior to the scheduled trial in this case it had granted continuances in other cases that were ready to proceed in order to accommodate the trial scheduled in this case. And rescheduling *Page 7 
of the trial would have been difficult because both the state and the trial court had busy trial schedules for several months after the trial date.
 {¶ 18} Fifth, the record does not indicate that a conflict existed between Cobb and his appointed counsel, who represented Cobb throughout all pretrial proceedings. In considering Cobb's motion to substitute counsel, the trial court expressly noted that Cobb had at no time expressed dissatisfaction with his appointed counsel. Even on the date of trial, Cobb did not assert an irreconcilable conflict or a complete breakdown in communication with his appointed attorney.
 {¶ 19} Appointed counsel informed the court on the morning of trial that he became aware at a pretrial hearing held on May 4, 2006 of the complexity of the case against Cobb and his difficulty in preparing for the May 8th trial date. However, appointed counsel did not voice any reservations during the pretrial hearings concerning preparation for trial or the need for a continuance.[1] When an accused has previous opportunities but waits until the last minute, i.e., the morning of trial, to request a substitution of counsel and a continuance, the court may infer the motions were made in bad faith for the purpose of delay. Jones, supra, 91 Ohio St.3d at 342; State v.Miller, Ross App. 01CA2607, 2001-Ohio-2635, citing State v. Haberek
(1988), 47 Ohio App.3d 35, 41; Hart, supra.
 {¶ 20} Finally, as previously noted, the record reflects that Cobb signed an affidavit of indigency in April 2006 indicating he was financially unable to retain private counsel. In requesting substitution of privately retained counsel in May 2006, he did not *Page 8 
assert that his financial situation had changed since he signed the affidavit. Appellate courts have upheld a trial court's denial of substitution of counsel and a continuance filed on the day of trial in such circumstances. See, e.g., State v. Dennis (2005), Franklin App. No. 04AP-595, 2005-Ohio-1530, {¶ 9; Hart, supra, at 19.
 {¶ 21} Under the circumstances in this case, we cannot say the trial court abused its discretion in denying Cobb's untimely request for substitute counsel and for a continuance. Accordingly, his first assignment of error is overruled.
 IV. Sentencing {¶ 22} In his second assignment of error, Cobb asserts that the trial court erred when it sentenced him to a total of 20 years' imprisonment, which consisted of consecutive ten-year prison terms for the two drug offenses. Cobb argues that he should have been sentenced to the minimum, three-year sentence allowed by statute for first-degree felonies. See R.C. 2929.14(A)(1).
 {¶ 23} R.C. 2953.08(D) provides that "[a] sentence imposed upon a defendant is not subject to review * * * if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge."
 {¶ 24} After the court denied Cobb's motions and the matter was ready to proceed to a jury trial, the parties entered into a plea agreement. Before accepting the plea, the trial court placed the terms of the agreement on the record and asked Cobb if it was accurate. The terms included two ten-year sentences, which could be served consecutively. Cobb confirmed on the record that he wanted to enter into the agreement. After the trial court reviewed both the maximum penalty and waiver forms *Page 9 
with Cobb, Cobb entered no contest pleas to both counts in the indictment. The court then imposed sentence. The record clearly reflects that, Cobb had agreed to the sentence that the trial court imposed.
 {¶ 25} The record further reflects that the ten-year maximum sentence for each count is authorized by law. Under R.C. 2925.03(C)(4)(g) and2925.11(C)(4)(f), a trial court "shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree" in a case where, as here, the offender possessed or engaged in trafficking of crack cocaine in an amount in excess of 100 grams. The maximum penalty provided by law for a first-degree felony is ten years imprisonment. R.C. 2929.14(A)(1). Contrary to Cobb's assertion on appeal, the trial court was under no requirement to impose a minimum, three-year prison term on Cobb for his offenses.
 {¶ 26} Cobb also argues that in order to impose prison terms, the trial court had to conduct judicial factfinding of the type ruled unconstitutional in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, and State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, paragraph three of the syllabus. See, R.C. 2929.41(A),2929.14(E)(4). Given Cobb's agreement to the sentence imposed in this case, including his agreement that the ten-year prison terms would run consecutively to each other, no improper judicial factfinding was involved. He has no viable argument under Blakely and Foster. See,State v. White (2006), Clark App. No. 2005-CA-60, 2006-Ohio-3762.
 {¶ 27} Because the sentence imposed upon Cobb was not only an agreed sentence, but also a sentence authorized by law, we overrule appellant's second assignment of error. *Page 10 {¶ 28} Having found both of the assignments of error to be meritless, we affirm the judgment of conviction and sentence in this case.
 JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] Had counsel made a motion for a continuance at that point, the trial court would have been hard pressed to justify denying it. Moreover, our decision should not be viewed as condoning belated discovery practices by the state. In light of the last minute disclosures by the state, we would give rigorous scrutiny to a decision denying a timely request for a continuance. *Page 1