JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Landon Nicholson appeals the trial court's decision denying his motion to terminate his retained counsel. Nicholson assigns the following error for our review:
 "The trial court erred when it failed to grant the defendant appellant's motion to terminate retained counsel which the defendant-appellant raised at the onset of trial."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On January 21, 2005, the Cuyahoga County Grand Jury indicted Nicholson on one count of aggravated burglary, eight counts of improperly discharging a firearm into a habitation, and three counts of felonious assault, all with one and three year firearm specifications attached. In addition, the grand jury indicted Nicholson on one count of abduction.
 {¶ 4} On May 17, 2005, at the defense request, the trial court referred Nicholson to the Court's Psychiatric Clinic for a competency evaluation. The evaluation revealed that Nicholson appeared to understand the nature of the charges, but was incompetent to assist his attorney with his defense. On October 4, 2005, the trial court re-referred Nicholson to the Court's Psychiatric Clinic for another evaluation. The subsequent evaluation revealed that Nicholson was competent to stand trial.
 {¶ 5} On February 1, 2006, prior to opening statements, Nicholson orally motioned the trial court to terminate his retained counsel. Nicholson indicated that *Page 3 
he did not trust his attorney and did not agree with his trial strategy. In addition, Nicholson indicated that his attorney had failed to subpoena several witnesses, which he had suggested.
 {¶ 6} Nicholson's attorney indicated that he had been retained since January 2005, and had participated in more than twelve pre-trials. In addition, Nicholson's attorney acknowledged that his client disagreed with his trial strategy, but indicated that he was fully prepared for trial. The trial court denied the motion and the trial continued.
 {¶ 7} At the conclusion of the trial, the jury returned not guilty verdicts for the aggravated burglary and the three felonious assault charges. The jury found Nicholson guilty of attempted abduction, but remained deadlocked on the eight counts of discharging a firearm into a habitation.
 {¶ 8} On December 4, 2006, Nicholson pleaded guilty to the eight counts of discharging a firearm into a habitation, with the firearm specifications deleted. The trial court sentenced Nicholson to two years of community control sanctions.
 Substitution of Counsel {¶ 9} In the sole assigned error, Nicholson argues the trial court erred when it denied the motion to terminate his retained counsel. We disagree. *Page 4 
 {¶ 10} A trial court's decision on a defendant's motion to substitute counsel will not be reversed absent an abuse of discretion.[1] An abuse of discretion involves far more than a difference in opinion. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.[2]
 {¶ 11} The Sixth Amendment provides in pertinent part as follows: "In all criminal prosecutions, the accused shall enjoy the right to have the Assistance of Counsel for his defense.[3]
 {¶ 12} While the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.[4] The important right to counsel of choice is not absolute; it must be balanced against the *Page 5 
court's authority to control its own docket, and a court must beware that a demand for counsel may be utilized as a way to delay proceedings or trifle with the court.[5]
 {¶ 13} Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include the timeliness of the motion and whether there was a conflict between the attorney and the client that was so great that it resulted in a total lack of communication preventing an adequate defense.[6] In addition, courts should balance the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice.[7] A trial court's decision regarding the substitution of counsel is within the sound discretion of the trial court.[8]
 {¶ 14} Under the circumstances in the instant case, we find no abuse of the trial court's discretion in denying Nicholson's request to terminate his retained counsel. The request was untimely, having been first presented to the trial court on the morning of trial, just prior to opening statement. A defendant's request to *Page 6 
substitute retained counsel of his choice must be timely and not disrupt the trial proceedings.[9]
 {¶ 15} Here, the record indicates that his indictment was returned in January 2005, more than a year prior to trial; yet Nicholson never voiced any dissatisfaction with his retained counsel until the morning of trial. When an accused has previous opportunities but waits until the last minute, such as, the morning of trial, to request a substitution of counsel and a continuance, the court may infer the motions were made in bad faith for the purpose of delay.[10]
 {¶ 16} We also note, Nicholson's motion to terminate his retained counsel was in effect a motion to continue. The grant or denial of a continuance is a matter that is entrusted to the sound discretion of the trial court.[11] In evaluating a motion for a continuance, a court should consider, inter alia, the length of the delay requested; the inconvenience to the litigants, witnesses, opposing counsel, and the court; and whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived.[12] Here, continuance of the trial in this case would have inconvenienced the witnesses, opposing counsel, and the court. *Page 7 
 {¶ 17} As grounds for terminating his retained counsel, Nicholson also alleged that he disagreed with trial counsel's course of action. However, to discharge a [court-appointed] attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize a defendant's right to effective assistance of counsel.[13] A mere disagreement between the attorney and client over trial tactics and strategy does not warrant a substitution of counsel.[14] Moreover, mere hostility, tension and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense.[15]
 {¶ 18} Also on the day of trial, Nicholson did not assert an irreconcilable conflict or a complete breakdown in communication with his retained attorney. Nicholson's attorney admitted that there were disagreements over trial strategy, but that he was prepared to proceed to trial. In addition, the attorney stated:
 "* * * I'll be honest, Judge, I'm a little uncomfortable with his apparent distrust of me but I'm doing what I believe is right. I like to have my client's confidence. I want to be honest with you judge."[16] *Page 8 
 {¶ 19} Significantly, Nicholson does not assign as error the ineffectiveness of trial counsel. Further, the record reflects that retained counsel represented Nicholson in a competent manner. Consequently, under the circumstances, we find that Nicholson failed to demonstrate that there was a complete breakdown of the attorney-client relationship which interfered with the preparation or presentation of his defense. Therefore, the trial court did not abuse its discretion by denying Nicholson's motion to terminate his retained counsel. Accordingly, we overrule the sole assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] State v. Murphy, 91 Ohio St.3d 516, 523, 2001-Ohio-112; State v.Cowans, 87 Ohio St.3d 68, 73, 1999-Ohio-250.
[2] State v. Jenkins (1984), 15 Ohio St.3d 164, 222.
[3] U.S. Const. Amend. VI.
[4] State v. Cobb, 4thDist. No. 06CA3076,2007-Ohio-1885, citing Wheat v. United States (1988), 486 U.S. 153, 159,108 S.Ct. 1692, 1697, 100 L.Ed.2d 140, 148.
[5] State v. Harmon, 4th Dist. No. 04CA22,2005-Ohio-1974, citing United States v. Krzyske (C.A.6, 1988),836 F.2d 1013, 1017. See, also, State v. Coleman (1988), 37 Ohio St.3d 286;State v. Cox (Dec. 12, 1994), 4th Dist. No. 94CA01.
[6] State v. Jones, 91 Ohio St.3d 335, 342, 2001-Ohio-57; UnitedStates v. Jennings (C.A.6, 1996), 83 F.3d 145, 148.
[7] Jones, supra, at 342-343, citing Jennings, supra.
[8] Jones, supra, at 343, citing Wheat, 486 U.S. at 164,108 S.Ct. at 1700, 100 L. Ed.2d at 152; Harmon, supra, at P33; Cox, supra.
[9] State v. Cox (Dec. 12, 1994), 4thDist. No. 94CA01.
[10] Jones, supra, 91 Ohio St.3d at 342; State v. Miller, 4thDist. No. 01CA2607, 2001 Ohio 2635, citing State v.Haberek (1988), 47 Ohio App.3d 35, 41.
[11] State v. Unger (1981), 67 Ohio St.2d 65; Jones, supra, at 342.
[12] Unger, supra, at 67-68; Jones, supra, at 342.
[13] State v. Dawalt, 9thDist. No. 06CA0059-M,2007-Ohio-2438, citing State v. Coleman (1988), 37 Ohio St.3d 286, 292. See also People v. Robles (1970), 2 Cal.3d 205, 215, 85 Cal. Rptr. 166,466 P.2d 710.
[14] State v. Furlow, 2d Dist. No. 03CA0058, 2004-Ohio-5279.
[15] Id.
[16] Tr. at 143.