[Cite as *State v. Ortega*, 2017-Ohio-239.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

      CASE NO. 5-16-17

    v.

RAMON ORTEGA, IV,

      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2012-CR-09

Judgment Affirmed

Date of Decision: January 23, 2017

APPEARANCES:

    *Jeffrey M. Brandt* **for Appellant**

    *Alex K. Treece* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Ramon Ortega IV ("Ortega") appeals the judgment of the Court of Common Pleas of Hancock County for allegedly denying his request for new counsel. For the reasons set forth below, the judgment of the lower court is affirmed.

{¶2} In 2011, the Hancock County prosecutor commenced a criminal proceeding against Ortega in case 2011-CR-217. Doc. 62 at 3. On January 10, 2012, the Hancock County Grand Jury returned an indictment against Ortega in case 2012-CR-9 that charged Ortega with two counts of trafficking in cocaine in violation of R.C. 2925.03(A), one count of aggravated burglary in violation of R.C. 2911.11(A)(1), one count of felonious assault in violation of R.C. 2903.11(A)(1), and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). Doc. 1 and Doc. 3. Ortega retained Scott Ramsey ("Ramsey") as defense counsel and pled not guilty to the charges against him. Doc. 62 at 3-6. On July 2, 2012, the trial court had two trials scheduled. *Id*. The first trial was set to hear case 2011-CR-217 in which Ortega was the sole defendant. *Id*. at 3.[1] Brandy Cook ("Cook") was the defendant in the second trial, which dealt with a matter related to Ortega's

---

[1] Of the two cases involving Ortega, only case 2011-CR-217 was scheduled for July 2, 2012. Case 2012-CR-9 was to take place at a later time.

2011-CR-217 case. *Id.* Cook was on Ortega's witness list for the first trial, and Ortega was on Cook's witness list for the second trial. *Id.* at 5.

**{¶3}** On the morning of Ortega's trial for case 2011-CR-217, Ramsey explained to Ortega the terms of a plea agreement that would resolve both of the cases in which Ortega was a defendant. *Id.* at 5. After Ramsey explained his recommendation, Ortega declared that he disagreed with Ramsey and wanted new counsel. *Id.* Ortega first informed the court that he wanted new counsel at the beginning of his trial for case 2011-CR-217. *Id.* at 5. When asked why he wanted new counsel, Ortega stated, "I don't like what he's recommending me to do. We're not seeing eye to eye." *Id.* at 7. Ortega also said, "I don't feel comfortable…going forward." *Id.* at 9.

**{¶4}** The court noted that Ramsey was Ortega's second attorney, that Ortega was requesting to discharge Ramsey on the morning of the trial after having him as an attorney for six months, and that Ortega requested new counsel because Ortega disagreed with Ramsey's advice on the issue of accepting a plea agreement. Tr. 10-11. Based on these observations, the trial court judge indicated an initial disinclination to grant Ortega's request, saying,

> **I still haven't heard a reason and I'm not going to grant your request. You have two choices today. You can either go to trial with Mr. Ramsey or I may excuse him then you'd be representing yourself today. So those are the choices you're going to have. Do you want to talk to Mr. Ramsey before you elect?**

Tr. 11-12. Ortega decided to discuss his options with Ramsey before making his final decision, but before Ortega could confer with counsel, Ramsey requested to address the court. Advocating for Ortega's motion, Ramsey stated, "I do believe that Mr. Ortega may have lost trust in his counsel." Tr. 13.

{¶5} In response to Ramsey's statements, the court explained to Ortega that Ramsey had a responsibility to recommend a course of action regarding this plea agreement given that Ortega faced thirty-nine to forty-one years in prison if this case went to trial and Ortega was found guilty. *Id*. at 14-16. The court then asked the prosecution what the terms of the plea agreement were for the record. *Id*. at 14. In the course of stating the terms of the plea agreement, the prosecutor mentioned that the State was willing to dismiss the two counts of drug trafficking against Ortega. *Id*.

{¶6} Upon hearing the terms of the plea agreement, Ortega stated, "I wasn't aware of the dismissing of the trafficking, though. I didn't know that." *Id*. at 16. The court then asked Ortega, "Is that something you want to talk to your attorney about?" *Id*. To which Ortega replied, "Yeah." *Id*. Before ordering a recess, the court discussed how the disposition of Ortega's motion for new counsel would affect Cook's case. Since Ortega was one of Cook's witnesses, Ortega could possibly be unrepresented at the time of Cook's trial if he chose to discharge Ramsey. *Id*. at 17. The court explained that this could be a problem for him, saying

"If your case is still pending and they're connected, for example, you would want to talk to an attorney before you would decide whether you were going to testify." Tr. 18. At this time, the court even explored rescheduling the Cook case to "give Mr. Ortega several days to find someone he could confer with." *Id*. at 19. The court then ordered a recess to give Ortega the opportunity to confer with Ramsey. *Id*. at 20.

**{¶7}** After the recess, the court said, "Mr. Ramsey, I've been advised Mr. Ortega at this point does not wish to discharge you and does wish to proceed to a plea, is that correct?" Ramsey replied, "That's correct." Ortega then accepted the plea agreement offered to him by the prosecution. *Id*. at 21-22. In the course of the subsequent questioning, Ortega stated that he had enough time to think about this plea and that no one forced him into accepting this agreement. *Id*. at 30. Ortega also stated on two occasions that that he was satisfied with the advice of his counsel on these matters. *Id*. at 34, 58. The court then sentenced Ortega on December 10, 2012. Doc. 68. Having been granted a delayed appeal, Ortega now raises one assignment of error.

> **The trial court erred by responding to a request from both Ortega and defense counsel for dismissal of counsel on the grounds that Ortega did not trust counsel, and by denying the motion and forcing Ortega to remain tethered to counsel or represent himself, leading to denial of Ortega's constitutional rights to counsel and/or choice of counsel.**

**{¶8}** The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the effective assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). "[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). Thus, while the defendant who can afford to retain counsel has the right to their choice of counsel, this right is limited. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). *State v. Crew*, 8th Dist. Cuyahoga No. 86943, 2006-Ohio-4102, ¶ 15.

**{¶9}** The right to choice of counsel does not take precedence over "the court's authority to control its docket." *Id.* at ¶ 15, citing *United States v. Krzyske*, 836 F.2d 1013, 1016-1017 (6th Cir. 1988). "Attorneys cannot be shed at every stage of the proceeding so as to impede [the] orderly administration" of the case. *State v. Ranes*, 3d Dist. Putnam No. 12-15-03, 2016-Ohio-448, ¶ 8, quoting *State v. Marinchek*, 9 Ohio App.3d 22, 23–24, 457 N.E.2d 1198 (9th Dist.1983). Thus, "the trial court must balance the defendant's preference as to his counsel's choice against 'the court's interest in the integrity of the proceedings and the public's interest in the proper administration of justice.'" *Ranes* at ¶ 8, quoting *United States v. Mays*, 69 F.3d 116, 121 (6th Cir.1995). Courts may also consider the timeliness of the

motion and whether the issues between the attorney and the defendant led to a "total lack of communication preventing an adequate defense." *State v. Nicholson*, 8th Dist. Cuyahoga No. 89245, 2007-Ohio-6653, ¶ 13.

{¶10} An appellate court is to review a trial court's orders regarding the discharge or withdrawal of a criminal defense attorney under an abuse of discretion standard. *State v. Hart*, 6th Dist. Lucas No. L-03-1073, 2004-Ohio-5511, ¶ 14. *State v. Harmon*, 4th Dist. Pickaway No. 04CA22, 2005-Ohio-1974, ¶ 35. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Kennan*, 81 Ohio St.3d 133, 137, 689 N.E.2d 929 (1998), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144, 149 (1980).

{¶11} In the present case, Ortega argues that the trial court erred by denying his request for new counsel. The record indicates otherwise. After Ortega made his initial argument before the court, the trial judge presented Ortega with two options: he could proceed with Ramsey as counsel or he could proceed pro se. See *Nicholson* at ¶ 15 (holding that the trial court's decision to deny defendant's motion for new counsel was not an abuse of discretion as the defendant did not submit the motion until the day of the trial). The court presented Ortega with these two choices because the trial judge indicated that he had not, up to that point, heard a reason to grant Ortega's motion. After Ramsey advocated for Ortega's motion, however, the court

began discussing the different courses of action available to Ortega going forward. In this discussion, the trial judge enunciated options besides the choice between proceeding pro se or with Ramsey as counsel.

{¶12} The court implied that it was willing to postpone Ortega's case when it stated, "If Ms. Cook's case goes, you could be called as a witness. If your case is still pending and they're connected, for example, you would want to talk to an attorney." Doc. 65 at 18. Since the current case—2011-CR-217—was the trial related to the Cook case, the judge was speaking of accommodating Ortega by possibly delaying his trial if Ortega decided to discharge Ramsey. Further, the trial judge even considered adjusting the timing of the Cook case to work with Ortega's request for new counsel, saying, "If need be we could break early and then [have] Mr. Smith [Cook's attorney] present tomorrow and make sure Mr. Ortega talks to someone before he gets called." *Id.* at 19. The court then said this arrangement "would give Mr. Ortega several days to find someone he could confer with." *Id.* The court gave multiple options to Ortega if he chose to discharge Ramsey.

{¶13} As the prosecutor described the plea agreement during these discussions, Ortega indicated that he was not aware of all of the terms of the State's offer. *Id.* at 16. Ortega then chose to confer with Ramsey on the plea agreement over which he had previously wanted to discharge Ramsey for recommending. The court recessed to give Ortega the opportunity to confer with Ramsey and was only

going to determine the issue of Ortega's representation at trial after Ortega decided whether he wanted to have a trial. *Id*. at 17-18. Thus, the two options before Ortega were not whether to proceed pro se or with Ramsey as counsel but whether to proceed to trial or to accept the plea agreement. If he chose to proceed to trial and discharge Ramsey, he would only then have the opportunity to work through the options the trial court had outlined for Ortega to seek new counsel.

**{¶14}** During the recess, Ortega apparently determined his interests were best served by accepting the plea agreement. In so doing, Ortega chose not to go to trial, making the issue of which counsel to retain for the trial irrelevant. By opting for the plea agreement, Ortega effectively withdrew his request for new counsel before the court had the opportunity to issue a final order on this matter. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." *Nicholson supra* at ¶ 10. Thus, Ortega's allegations do not identify an abuse of discretion on the part of the trial court because an abuse of discretion, in this matter, would have required an exercise of discretion. Here, Ortega—not the trial court—determined the fate of his motion. We cannot review a ruling that was not made. Ortega made his choice and must live with its consequences. He cannot use this appeal to explore a path he chose not to take.

Case No. 5-16-17

{¶15} Even if the trial court erred, it was invited error. "Under the doctrine of invited error, a party cannot take advantage of an error the party invited or induced." *State v. Torrence*, 5th Dist. Stark No. 2003CA00115, 2003-Ohio-4188, citing *State ex rel. Soukup v. Celebrezze*, 83 Ohio St.3d 549, 550, 700 N.E.2d 1278 (1998). Since Ortega chose not to proceed to trial and did not give the trial court the opportunity to rule on his motion, he is here complaining of his own decision. For these reasons, Ortega's sole assignment of error is overruled.

{¶16} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Hancock County is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and SHAW, J., concur.**

**/hls**

-10-