OPINION
{¶ 1} Defendant, Sylvanius Furlow, appeals from his conviction and sentence for attempted murder, having weapons while under a disability, failure to comply with an order or signal of a police officer, and possession of crack cocaine.
 {¶ 2} On January 9, 2003, near 133 W. Johnny Lytle Avenue in Springfield, Defendant shot Cedric Williams in the chest with an assault rifle. The shooting left Mr. Williams paralyzed. Defendant fled the scene in his vehicle following the shooting. When spotted by police, Defendant led police on a high speed chase toward Dayton that reached speeds in excess of one hundred miles per hour. The chase ended when Defendant ran off the road on Route 4 and crashed into a tree, injuring the passenger who was with him. Police found nearly fifteen grams of crack cocaine inside Defendant's vehicle.
 {¶ 3} Defendant was indicted on one count of attempted murder, R.C. 2923.02(A)/2903.02(A), one count of having weapons while under a disability, R.C. 2923.13(A)(2), failure to comply with an order or signal from a police officer, R.C. 2921.331(B), possession of crack cocaine, R.C. 2925.11(A), and one count of felonious assault, R.C. 2903.11. A three year firearm specification, R.C. 2941.145, was attached to all of the charges except having weapons under disability.
 {¶ 4} A jury trial commenced on July 24, 2003. After a jury had been selected, and during the prosecutor's opening statement, Defendant indicated that he was willing to plead no contest to a combination of the charges in exchange for a total aggregate sentence of eighteen years. Accordingly, Defendant entered pleas of no contest to all of the charges except felonious assault, which the State dismissed. In addition, the State dismissed all of the firearm specifications except the one attached to the attempted murder charge.
 {¶ 5} The trial court accepted Defendant's pleas, found him guilty, and sentenced him to concurrent prison terms of ten years on the attempted murder charge, eleven months on the weapons under disability, and eight years for possession of crack cocaine. In addition, the court sentenced Defendant to five years for failing to comply with an order/signal from a police officer, to be served consecutively to the other sentences. The court also imposed one additional and consecutive three year term on the firearm specification attached to the attempted murder charge. Thus, Defendant received a total aggregate sentence of eighteen years.
 {¶ 6} Defendant has timely appealed to this court from his convictions and sentences.
 {¶ 7} FIRST ASSIGNMENT OF ERROR
 {¶ 8} "The trial court committed reversible error by denying appellant's pro se motion to dismiss counsel without further inquiry into the attorney-client relationship."
 {¶ 9} Defendant complains that the trial court abused its discretion when it overruled his motion to dismiss court appointed counsel, and substitute new counsel.
 {¶ 10} In State v. Coleman (Mar. 19, 2004), Montgomery App. No. 19862, 2004-Ohio-1305, we discussed the law governing these types of claims:
 {¶ 11} "An indigent defendant has no right to have a particular attorney of his own choosing represent him. He is entitled to competent representation by the attorney the court appoints for him. Therefore, in order to demonstrate the good cause necessary to warrant removing court appointed counsel and substituting new counsel, defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize defendant's Sixth Amendment right to effective assistance of counsel." State v. Coleman (1988), 37 Ohio St.3d 286, 292;State v. Murphy, 91 Ohio St.3d 516, 523, 2001-Ohio-112.
 {¶ 12} Disagreement between the attorney and client over trial tactics and strategy does not warrant a substitution of counsel. State v. Glasure (1999), 132 Ohio App.3d 227. Moreover, mere hostility, tension and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense. State v. Gorden,149 Ohio App.3d 237, 241, 2002-Ohio-2761.
 {¶ 13} The decision whether or not to remove court appointed counsel and allow substitution of new counsel is addressed to the sound discretion of the trial court, and its decision will not be reversed on appeal absent an abuse of discretion. Murphy,supra. An abuse of discretion means more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the court.State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 14} Three weeks prior to trial, Defendant filed a pro se motion seeking removal and substitution of his court appointed counsel. As grounds, Defendant alleged that counsel had failed to file a motion for a bill of particulars that counsel said she would file. Furthermore, counsel had not allowed Defendant a witness' taped statement in her possession. As a result, Defendant claimed that a conflict of interest had arisen and he did not wish counsel to remain on the case.
 {¶ 15} The trial court denied Defendant's motion to dismiss counsel, noting that "Since Defendant did not hire Ms. Snead, he is not at liberty to dismiss her." The trial court did order the State to supplement its discovery by providing a bill of information. Defendant complains that the trial court did not conduct any inquiry into his complaint about counsel's performance.
 {¶ 16} When an indigent defendant complains about the adequacy of court appointed counsel's performance during the trial, it is the duty of the trial court to inquire into that complaint and make that inquiry a part of the record. State v.Deal (1967), 17 Ohio St.2d 17. Even assuming that the trial court erred in that regard, and even accepting Defendant's allegations regarding his counsel as true, this record nevertheless fails to demonstrate a breakdown in the attorney-client relationship of such magnitude that Defendant's right to effective assistance of counsel was jeopardized.
 {¶ 17} Defendant's motion for removal and substitution of his court appointed counsel was not motivated by a total breakdown in communication between defense counsel and Defendant, but rather by a disagreement over tactics and strategy: defense counsel was not conducting the defense the way Defendant wanted it done. That is insufficient to warrant a substitution of counsel. Coleman,supra. Personal conflicts between attorney and client do not suffice either, unless they interfere with the preparation and presentation of a defense. Id. Defendant never alleged in his motion to dismiss counsel, nor does he allege now, that his defense counsel was not prepared to present a defense at trial.
 {¶ 18} In any event, Defendant elected shortly after the commencement of trial to accept the State's earlier plea offer and enter no contest pleas to a combination of the charges in exchange for a total sentence of eighteen years. The record of that plea hearing affirmatively demonstrates that Defendant read and understood the plea agreement, discussed it with his attorney, entered his pleas voluntarily, and was satisfied with his counsel's services.
 {¶ 19} On the totality of these facts and circumstances, Defendant has not demonstrated that the attorney-client relationship suffered a breakdown of such magnitude that his right to effective assistance of counsel was compromised. The trial court did not abuse its discretion in denying Defendant's motion for removal and substitution of court appointed counsel.
 {¶ 20} The first assignment of error is overruled.
 {¶ 21} SECOND ASSIGNMENT OF ERROR
 {¶ 22} "The trial court erred by imposing the maximum term for the violation of 2929.331(b) by deeming Mr. Furlow's conduct was the worst form of the offense and without considering the factors of R.C. 2929.12."
 {¶ 23} Defendant complains that the record does not support the finding the trial court made to warrant imposition of the maximum sentence for failure to comply with an order or signal of a police officer.
 {¶ 24} Defendant was found guilty upon his no contest plea of operating his motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal to stop, and the operation of that motor vehicle by Defendant caused a substantial risk of serious physical harm to persons or property. R.C. 2921.331(B), (C)(5)(a)(ii). Under those circumstances the offense is a felony of the third degree. Id.
The maximum penalty for a felony of the third degree is five years in prison. R.C. 2929.14(A)(3). In cases such as this arising under R.C. 2921.331(B) and (C)(5)(a), where the officer pursues the offender, the court in determining the seriousness of the offender's conduct for purposes of sentencing must consider, in addition to the factors in R.C. 2929.12 and 2929.13, the factors set out in R.C. 2921.331(C)(5)(b), including the duration of the pursuit, (i), the distance of the pursuit (ii), and the rate of speed at which the offender operated the vehicle during the pursuit (iii).
 {¶ 25} Pursuant to R.C. 2929.14(C), the trial court may impose a maximum sentence only upon offenders who commit the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders and upon certain repeat violent offenders. In addition, the court must give its reasons for imposing the maximum sentence. R.C. 2929.19(B)(2)(d).
 {¶ 26} In this case the trial court sentenced Defendant to the maximum allowable sentence, five years in prison, for his violation of R.C. 2921.331(B), (C)(5)(a)(ii). In doing so the trial court orally found at the sentencing hearing that Defendant had committed the worst form of the offense of fleeing and eluding. The court based that determination on the record before it. The court also expressed at the sentencing hearing its reasons, based upon the record, for finding that Defendant committed the worst form of the offense and imposing a maximum sentence. Those include the fact that Defendant was fleeing from police immediately after committing attempted murder. During the chase Defendant's vehicle reached speeds in excess of one hundred miles per hour. The chase lasted six or seven minutes and covered about ten miles. During the chase Defendant endangered the lives of himself, his passenger, who was injured, a truck driver whom he passed by going onto the berm just before he lost control and crashed, and the lives of drivers of oncoming vehicles because Defendant's vehicle crossed the median and flipped end over end in the path of oncoming traffic, before finally coming to rest.
 {¶ 27} We conclude that this record supports the trial court's finding that Defendant's fleeing and eluding constituted the worst from of that offense given the lives endangered and the risk of harm caused by Defendant's reckless conduct. Contrary to Defendant's assertion, the seriousness of this offense is not lessened merely because no innocent third parties were injured or killed. The trial court made the appropriate finding to warrant imposition of the maximum sentence, which this record supports, and gave reasons which support that finding, all in compliance with R.C. 2929.14(C) and 2929.19(B)(2)(d).
 {¶ 28} We further note that in spite of Defendant's claim to the contrary, the court's judgment entry of conviction and sentence does reflect that the court considered the factors in R.C. 2929.12 in selecting its sentence.
 {¶ 29} The second assignment of error is overruled.
 {¶ 30} THIRD ASSIGNMENT OF ERROR
 {¶ 31} "Mr. Furlow's plea of no contest was not made voluntarily and accordingly must be withdrawn."
 {¶ 32} Defendant complains that his pleas of no contest were not entered voluntarily because he was forced to proceed with ineffective court appointed counsel after the trial court denied his motion for substitution of counsel.
 {¶ 33} In order to be enforceable under The United States and Ohio Constitutions, a plea of guilty or no contest must be voluntary. State v. Engle, 74 Ohio St.3d 525, 1996-Ohio-179. In order to demonstrate ineffective assistance of trial counsel, Defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that Defendant was prejudiced by counsel's performance; there is a reasonable probability that but for counsel's unprofessional errors, the result of Defendant's trial or proceeding would have been different. Strickland v.Washington (1984), 466 U.S. 668; State v. Bradley (1998),42 Ohio St.3d 136.
 {¶ 34} First, we note that the record of the plea hearing refutes Defendant's claim that he did not enter his pleas voluntarily. Defendant did not claim that his pleas were not voluntary or that he had no choice but to enter pleas because his counsel was ineffective and not prepared to represent him at trial. To the contrary, Defendant told the trial court that he was satisfied with defense counsel's services, and that his pleas were being entered voluntarily. With respect to defense counsel's statement to the court at the commencement of trial that she had recommended to Defendant that he accept the State's plea offer in this case but Defendant had refused, counsel's recommendation does not constitute deficient performance or a substantial violation of counsel's essential duties to Defendant when the State's plea offer provides for an eighteen year sentence instead of the twenty-seven years in prison Defendant faced if convicted of all of the charges and sentenced to maximum, consecutive terms.
 {¶ 35} As for Defendant's claim that his court appointed trial counsel was ineffective, that has not been demonstrated on this record. While a conflict existed between Defendant and counsel over trial strategy and the way counsel was handling the defense, Defendant has not demonstrated any deficient performance by counsel. Defendant does not even allege, much less demonstrate, that defense counsel was not prepared for trial. Defendant complains that defense counsel did not file pretrial motions she promised to file. Specifically, a motion for a bill of particulars. A bill of particulars was filed by the State however. Thus, Defendant has not demonstrated any prejudice resulting from counsel's performance. We further note that contrary to Defendant's claim, defense counsel did file pretrial motions. Specifically, counsel filed a motion to convey in order to procure the attendance at trial of a defense witness who was incarcerated in prison. Once again, no deficient performance has been demonstrated.
 {¶ 36} Defendant also complains because defense counsel failed to provide him with a certain item of the State's evidence for his review: a videotaped statement of a witness. We presume Defendant refers to the videotaped deposition taken of one of the State's witnesses, a forensic analyst at B.C.I., who was prepared to testify that Defendant had gunshot residue on his hands. Given that Defendant had the right to be present at that deposition pursuant to Crim.R. 15(C), that the court's Order of Deposition included instructions to the sheriff to take Defendant to that deposition, and given further that Defendant is not alleging, nor does this record demonstrate, that Defendant was not present at the deposition, we fail to see any deficient performance by counsel, much less resulting prejudice. Ineffective assistance of counsel has not been demonstrated. Accordingly, Defendant's claim that his pleas were not entered voluntarily because his counsel was ineffective must fail.
 {¶ 37} The third assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.