OPINION
{¶ 1} Appellant seeks to appeal his conviction and sentence for one count of failure to comply with order or signal of police officer and one count of carrying a concealed weapon
 STATEMENT OF FACTS AND CASE {¶ 2} On May 3, 2007, Appellant was indicted for one count of failure to comply with order or signal of a police officer, in violation of R.C.2921.33, a third degree felony, one count of receiving stolen property (i.e. a motor vehicle), in violation of R.C. 2913.51, a fourth degree felony and one count of carrying a concealed weapon, in violation of R.C. 2923.12, a fourth degree felony.
 {¶ 3} On May 9, 2006, the trial court appointed counsel for appellant. On May 11, 2006, appellant appeared, being represented by counsel, and entered a not guilty plea. Trial was scheduled for July 27, 2006. A plea hearing was scheduled for July 26, 2006.
 {¶ 4} At the plea hearing, appellant executed a written plea agreement form and a guilty plea form. Pursuant to pre-trial negotiations, the State voluntarily dismissed the felony four, receiving stolen property charge. Thereafter appellant pleaded guilty to the remaining charges. Appellant was then sentenced in accordance with the plea agreement to serve a two year term of imprisonment for failure to comply and a twelve month term of imprisonment for the concealed weapon charge. Pursuant to statute the trial court further ordered the sentences to be served consecutively for an aggregate three year sentence. *Page 3 
 {¶ 5} It is from this conviction and sentence that appellant now seeks to appeal setting forth the following assignment of error:
 {¶ 6} "THE APPELLANT'S SIXTH AMENDMENT RIGHT TO COUNSEL WAS VIOLATED [SIC] BY THE TRIAL COURT'S REFUSAL TO APPOINT NEW COUNSEL."
 I {¶ 7} Appellant argues in his sole assignment of error that the trial court erred in failing to grant his request for substitution of counsel, thereby denying him effective assistance of counsel. Specifically, appellant argues that he appeared before the court and stated on the record, that he was not satisfied with counsel's negotiated plea agreement, that he questioned counsel's competency, and that he wanted new counsel to be appointed. Appellant argues that this established a total breakdown between counsel and client, thereby requiring the appointment of new counsel. We disagree.
 {¶ 8} Substitution of counsel is within the discretion of the trial court. Wheat v. U.S. (1988), 486 U.S. 153, 108 S.Ct. 1692,100 L.Ed.2d 140; State v. Jones, 91 Ohio St.3d 335, 343-44, 2001-Ohio-57,744 N.E.2d 1163. Thus, we review the trial court's decision under the abuse of discretion standard. State v. Murphy 91 Ohio St.3d 516, 523,2001-Ohio-112, 747 N.E.2d 765. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140; State v. Adams (1980),62 Ohio St.2d 151, 157-158, 404 N.E.2d 144.
 {¶ 9} An indigent criminal defendant has a Sixth Amendment right to competent counsel; however, this constitutional right does not extend to a right to counsel of the defendant's choosing. Thurston v. Maxwell
(1965), 3 Ohio St.2d 92, 93, 209 N.E.2d 204. *Page 4 
Likewise, the right to counsel does not include a right to a meaningful or peaceful relationship between counsel and the defendant. State v.Blankenship (1995), 102 Ohio App.3d 534, 558, 657 N.E.2d 559, citingMorris v. Slappy (1983), 461 U.S. 1, 13, 103 S.Ct. 1610, 75 L.Ed. 610.
 {¶ 10} To discharge a court-appointed attorney, the defendant must show "a breakdown in the attorney-client relationship which will warrant substitution of defendant's right to effective assistance of counsel.State v. Coleman (1988), 37 Ohio St.3d 286, 292, 525 N.E.2d 792. A showing of good cause for substitution may include, a conflict of interest, a complete break-down in the attorney-client relationship or an irreconcilable conflict which leads to an apparently unjust result."Blankenship, 102 Ohio App.3d at 558; see also State v. White, 3d Dist., Marion App. No. 9-98-52, 1999-Ohio-847; State v. McCoy, 2nd Dist., Green App. No. 2003-CA-27, 2004-Ohio-266. Once a defendant makes the requisite showing, the trial court's failure to appoint new counsel "amounts to a denial of effective assistance of counsel." State v. Pruitt (1984),18 Ohio App.3d 50, 57, 480 N.E.2d 499.
 {¶ 11} However, a simple "[disagreement between the attorney and client over trial tactics and strategy does not warrant a substitution of counsel. Moreover, mere hostility, tension and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense." State v. Furlow, Clark App. No. 03CA0058, 2004-Ohio-5279, at paragraph 12.
 {¶ 12} In this case, during the negotiated plea hearing the following colloquy occurred between the trial court, counsel and appellant: *Page 5 
 {¶ 13} "Counsel: * * * Yesterday Mr. Aden had indicated that he wanted to go ahead and resolve this matter as a change of plea pursuant to the offer from the county prosecutor's office. Last night I was informed by Mr. Aden that he was having some reservations in regard to that.* * *
 {¶ 14} "Court: What else Mr. Aden?
 {¶ 15} "Appellant: I'm not happy with the plea bargain.
 {¶ 16} "Court: There's no bargain. The negotiations you're not happy with?
 {¶ 17} "Appellant: Yeah I'm not happy with it.
 {¶ 18} "Court: Okay. No one is forcing you to do that. That's all up to you. * * *
 {¶ 19} "Appellant: I would like new counsel because I'm not. . .
 {¶ 20} "Court: You want new counsel?
 {¶ 21} "Appellant: Yeah I don't think I'm not getting the best representation. * * *
 {¶ 22} "Court: What's the basis for that?
 {¶ 23} "Appellant: I'm not happy — I mean I would like —
 {¶ 24} "Court: I know, you said that, I'm asking why?
 {¶ 25} "Appellant: Why? Because three years doesn't seem like — and I keep telling him, I need either guaranteed 90 day judicial release written on there, or, you know, it's a first time offender.
 {¶ 26} "Court: You're just not happy with what the prosecutor has offered you?
 {¶ 27} "Appellant: Yeah.
 {¶ 28} "Court: It's not you're not happy with your attorney. He can't do anything on the negotiations if the prosecution doesn't want to agree with it. * * * *Page 6 
 {¶ 29} "Court: That's not a basis for discharging your attorney. So we're not going to do it on that basis. * * *
 {¶ 30} "Court: All right, Mr. Aden, what do you want to do? It's up to you. We can have a trial; we've got a jury scheduled to come in tomorrow. Nobody wants to force you to do anything. So it's strictly your choice and your decision. * * *
 {¶ 31} "Appellant: I'll sign that." (Transcript of Proceedings at pages 2 through 10).
 {¶ 32} Upon review of the plea negotiation hearing, we find that the record fails to establish a complete breakdown of communication between counsel and client. Rather the record shows, a communicated plea offer by counsel to appellant resulting in appellant's dissatisfaction that a sentence would be imposed. Appellant's general unhappiness with the proposed negotiated plea agreement does not support good cause for the substitution of counsel. Furthermore, it does not appear that appellant's communication of general unhappiness affected counsel's ability to negotiate a pre-trial plea which included the dismissal of a felony charge in exchange for a less than maximum aggregate three year sentence. For these reasons we do not find that the trial court abused it's discretion in denying appellant's request for new counsel. *Page 7 
 {¶ 33} Appellant's assignment of error is hereby overruled.
 {¶ 34} The judgment of the Delaware County Court of Common Pleas is hereby affirmed.
Edwards, J., Hoffman, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1