DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which denied appellant's request for a continuance to seek new counsel and found appellant guilty of the four felony drug charges for which appellant was indicted. For the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Amjad Barghuthi, sets forth the following two assignments of error:
 {¶ 3} "A. The trial court abused its discretion in denying appellant's request for a continuance to seek new counsel.
 {¶ 4} "B. Appellant's conviction was not supported by sufficient evidence and was against the manifest weight of the evidence."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On May 22, 2006, the Sylvania Township Police Department initiated a routine traffic stop of appellant on Centennial Road after he pulled out of the parking lot of Sammy's Restaurant and Carryout driving a vehicle without a front license plate.
 {¶ 6} In the course of this traffic stop, the officer determined that appellant was unlawfully driving with a suspended driver's license. The officer observed that appellant was exceptionally nervous, perspiring heavily, and had bloodshot eyes. An inventory search of appellant's vehicle was conducted. Suspected drugs and drug paraphernalia were recovered from the vehicle. Subsequent testing of the items seized confirmed that appellant had been in possession of cocaine, heroin, and ecstasy.
 {¶ 7} On December 27, 2006, appellant was indicted on four felony drug charges. The charges included one count of possession of cocaine, in violation of R.C. 2925.11(C)(4)(a), a fifth degree felony; one count of possession of heroin, in violation of R.C. 2925.11(C)(6)(a), a fifth degree felony; and two counts of aggravated possession of drugs, in violation of R.C. 2925.11(C)(1)(a), also felonies of the fifth degree. *Page 3 
 {¶ 8} On January 12, 2007, appellant was arraigned. On January 16, 2007, appellant received a supervised recognizance bond with electronic monitoring. On February 2, 2007, a capias was issued for appellant at the request of the probation department. On February 26, 2007, appellant was arrested on the capias.
 {¶ 9} On February 28, 2007, a $15,000 surety bond was posted for appellant. On March 9, 2007, the bonding company requested that the bond be withdrawn and appellant was again taken back into custody. On April 3, 2007, counsel for appellant filed a motion for treatment intervention in lieu of conviction pursuant to R.C. 2951.041. On April 6, 2007, the case was referred to the Court Diagnostic and Treatment Center for an evaluation of appellant to begin the process of an intervention in lieu of conviction.
 {¶ 10} Appellant, a native of Jordan, is not a U.S. citizen. As such, the record shows the willingness of all involved to permit appellant to undergo substance abuse treatment in lieu of conviction to avoid the potential adverse immigration consequences of felony convictions. The record shows that appellant waffled repeatedly and ultimately did not avail himself of the opportunity to resolve the case in this fashion.
 {¶ 11} The matter was set for jury trial on May 30, 2007. As trial was about to commence, appellant requested a continuance to seek new counsel as he claimed that he and his current counsel "don't see eye to eye." The record shows that the trial court engaged in a detailed inquiry, concluded that appellant's counsel was prepared and ready to proceed to trial on appellant's behalf, and denied appellant's motion. On May 31, *Page 4 
2007, the jury found appellant guilty on all counts. Appellant was referred to the adult probation department for a presentence report.
 {¶ 12} On June 29, 2007, appellant was sentenced to community control and six months in the correction treatment facility program. In addition, any recommended aftercare was also to be successfully completed. On July 10, 2007, appellant was committed to the correctional treatment facility. Appellant failed to successfully complete the treatment program. On November 9, 2007, appellant was committed to the Ohio Department of Rehabilitation and Correction to serve the suspended sentence. Timely notice of appeal was filed.
 {¶ 13} In his first assignment of error, appellant alleges that the trial court abused its discretion in denying his request at the onset of trial for continuance to seek new counsel.
 {¶ 14} It is well established that substitution of counsel determinations lie within the discretion of the trial court. Wheat v.U.S. (1988), 486 U.S. 153. See also, State v. Aden, 5th Dist. No. 2006CA-A-09-066, 2008-Ohio-117. Accordingly, our review of the trial court's decision is conducted pursuant to an abuse of discretion standard. An abuse of discretion is more than a mere error in judgment; it requires a determination that the disputed decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 15} Ohio appellate courts reviewing substitution of counsel cases have consistently held that mere disagreements between the client and attorney over trial *Page 5 
strategy or tactics does not suffice to warrant substitution of counsel. Even in those instances where the disagreement rises to the level of hostility and tension between the attorney and client, so long as those issues do not interfere with the preparation and preparation of a defense, substitution of counsel is not warranted. State v. Furlow, 2nd Dist. No. 03-CA-0058, 2004-Ohio-5279.
 {¶ 16} We have carefully reviewed and considered the record of evidence in this case to determine if there is any indicia supportive of the notion that the trial court abused its discretion in denying appellant's request as the trial commenced for a continuance to seek new counsel.
 {¶ 17} Contrary to appellant's suggestion, the record reflects that the trial court, appellee, and counsel for appellant all went to extraordinary lengths to advise appellant on his options, furnish appellant with options that would minimize the potential adverse consequences of the charges pending against him, and thoroughly educate appellant to enable his full and complete understanding of his options.
 {¶ 18} Following appellant's request for a continuance to seek new counsel as the jury was being brought to the courtroom, the record establishes that the trial court engaged in another thorough and lengthy colloquy with both appellant and his counsel. The trial court's inquiry revealed that this was simply a scenario in which appellant disliked his counsel's objective assessment of appellant's likelihood of prevailing at trial.
 {¶ 19} More importantly, the record shows that counsel for appellant was amply prepared and willing to proceed to trial and zealously represent appellant. The record *Page 6 
contains no evidence that the disagreement between appellant and his counsel over the probability of acquittal interfered with the preparation and presentation of the case. The record contains no evidence that the trial court abused its discretion in denying appellant's request for a continuance to seek new counsel. Appellant's first assignment of error is found not well-taken.
 {¶ 20} In his second assignment of error, appellant contends that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.
 {¶ 21} A criminal conviction may be overturned on appeal if there is insufficient evidence, or if the conviction is against the manifest weight of the evidence. In considering a challenge based upon the sufficiency of the evidence, we must determine whether the evidence submitted to the trial court was legally sufficient to establish the elements of the offense. State v. Thompkins (1997), 78 Ohio St.3d 380,387. In resolving the sufficiency question, we ascertain whether the evidence presented, if believed, would satisfy an average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 22} In conjunction with the above analysis, we must also consider whether the verdicts were against the manifest weight of the evidence. When examining whether a conviction was contrary to the manifest weight of the evidence, the appellate court serves as a "thirteenth juror" to conclude whether the trial court lost its way so significantly as to result in a manifest miscarriage of justice, necessitating that the conviction be overturned. *Page 7 Thompkins at 387. In reaching this decision, we grant substantial deference to the trial court's determinations given its unique opportunity to closely observe and assess the demeanor and credibility of the witnesses and evidence presented. State v. Mickles, 6th Dist. No. L-05-1206, 2006-Ohio-3803.
 {¶ 23} In applying the above principles to this case, we note that the record shows that appellee presented testimony and evidence from four primary witnesses in support of the criminal indictments against appellant.
 {¶ 24} Officer Todd Curtis testified that while on routine patrol he observed appellant pull his vehicle onto Centennial Road without a front license plate. As a result of his observation, he initiated a routine traffic stop. In the course of the traffic stop, appellant claimed that he had an international driver's license. Officer Curtis determined that appellant was driving with a suspended operator's license. In addition, Officer Curtis observed a suspicious demeanor exhibited by appellant including excessive nervousness, excessive perspiration, and bloodshot eyes.
 {¶ 25} A second officer, Sergeant Judge, testified that he assisted Officer Curtis in the resultant inventory search of appellant's vehicle. During this search, they recovered suspected drugs and drug paraphernalia. These items were forwarded to the Ohio Bureau of Criminal Investigation ("BCI") for testing.
 {¶ 26} Scott Dobranky, a BCI criminalist, testified that the materials recovered in appellant's vehicle were tested and determined to be cocaine, heroin, and ecstasy. Finally, appellant's own friend, Mohammed Alsawalha, testified that appellant called him *Page 8 
on his cell phone during this traffic stop. Significantly, Alsawalha testified that appellant conceded to him that he had "something on him" and that he understood the "something" to be drugs. Alsawalha further testified that appellant relayed surprise to him at being released on his own recognizance despite being pulled over without a license and while in possession of suspected drugs.
 {¶ 27} The record shows that appellee presented ample evidence to establish that on May 22, 2006, appellant was in possession of an array of illicit drugs; namely, cocaine, heroin, and ecstasy. We find that the evidence presented would satisfy an average person of appellant's guilt of the drug possession charges beyond a reasonable doubt. The record contains no evidence that the trial court lost its way or caused a manifest miscarriage of justice. Appellant's second assignment of error is found not well-taken.
 {¶ 28} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1