[Cite as *State v. Johnson*, 2019-Ohio-4595.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-7 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-14 |
| | : | |
| HAYES JUNIOR JOHNSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of November, 2019.

. . . . . . . . . . .

SAMUEL ADAM USMANI, Atty. Reg. No. 0097223, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

PAUL E. WAGNER, Atty. Reg. No. 0067647, 507 South Broadway, Greenville, Ohio 45331
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Hayes Junior Johnson, appeals from his conviction and sentence in the Champaign County Court of Common Pleas after pleading guilty to one count of robbery. In support of his appeal, Johnson contends that the trial court did not properly consider the sentencing factors in R.C. 2929.12 and that the record did not support imposing the maximum sentence for his offense. Johnson also contends that the trial court erred by denying his motion to appoint new trial counsel. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On January 5, 2018, the Champaign County Grand Jury returned an indictment charging Johnson with one count of breaking and entering, one count of theft, one count of grand theft of a motor vehicle, two counts of possessing criminal tools, two counts of vandalism, and one count of robbery. The charges stemmed from allegations that Johnson attempted to steal a vehicle from Fischer Auto Sales in Champaign County, Ohio, and caused damage to several vehicles on the sales lot while fleeing from the business owner, who had caught Johnson during the theft act. It was also alleged that Johnson threatened to use immediate force against the business owner while Johnson was fleeing, which caused the business owner to arm himself with a firearm. Johnson was found and apprehended by law enforcement officers shortly after the incident.

{¶ 3} Following his indictment, Johnson pled not guilty to all the charges. The matter was then scheduled for a jury trial to take place on April 3, 2018. Prior to trial, Johnson posted bond and was released from prison on January 17, 2018. After being

released from prison, Johnson did not appear for his trial. As a result, the trial court suspended Johnson's bond and issued a capias for his arrest.

{¶ 4} On November 14, 2018, Johnson was arrested in Madison County. Following Johnson's arrest, the trial court held a status conference during which Johnson admitted to violating his bond. The trial court thereafter found Johnson guilty of the bond violation and advised Johnson that the violation would be considered at sentencing in the event he was convicted of any of the indicted offenses. The matter was then scheduled for a jury trial to take place on January 22, 2019.

{¶ 5} On January 7, 2019, Johnson filed a pro se motion requesting the appointment of new trial counsel on grounds that his current counsel was not acting in his best interests. Specifically, Johnson claimed that his trial counsel never told him about a certain plea offer that was allegedly proposed by the State. Johnson also claimed that his trial counsel refused to bring his drug, alcohol, and mental health problems to the trial court's attention.

{¶ 6} On January 9, 2019, the trial court held a hearing on Johnson's motion to appoint new counsel. Following the hearing, the trial court denied Johnson's motion on the grounds that Johnson had failed to establish a breakdown in the attorney-client relationship that jeopardized his right to effective assistance of counsel. In so holding, the trial court found that Johnson's counsel had communicated all of the plea offers proposed by the State and that Johnson had rejected those offers. The trial court also found that Johnson's counsel had appropriately evaluated the question of Johnson's mental health and his competency to stand trial, and found no reason to question counsel's decision not to raise that issue for trial. The trial court instead found that

Johnson's drug, alcohol, and mental health problems were issues to be considered at sentencing.

{¶ 7} On January 22, 2019, Johnson withdrew his earlier plea of not guilty and advised the trial court that he had entered into a plea agreement with the State. Pursuant to the plea agreement, Johnson agreed to plead guilty to the single count of robbery in exchange for the State dismissing the remaining seven counts against him. As part of the plea agreement, Johnson agreed to pay $5,000 in restitution to Fischer Auto Sales and to stipulate that he was on post-release control at the time he committed the offense. Johnson also agreed to stipulate that the post-release control violation subjected him to a 717-day sentencing enhancement. In exchange for his guilty plea, the State agreed to recommend the preparation of a presentence investigation ("PSI") report and to review the report.

{¶ 8} Following a Crim.R. 11 plea colloquy, Johnson pled guilty to the single, third-degree-felony count of robbery set forth in the indictment. The trial court thereafter accepted Johnson's guilty plea and declined the preparation of a PSI report. The trial court then took a 1.5-hour recess, during which the trial court contacted the Adult Parole Authority and acquired three prior PSI reports that were prepared for Johnson in Franklin C.P. Nos. 2007-CR-874 and 2007-CR-6873, Union C.P. No. 2015-CR-177, and Marion C.P. No. 2016-CR-234. The trial court also had the State provide it with the police narrative from the robbery and a printout of Johnson's criminal history.

{¶ 9} After the trial court obtained the aforementioned documentation, the proceedings resumed for Johnson's sentencing. During sentencing, the trial court indicated that it had considered the PSI reports, the police narrative, and the printout of

Johnson's criminal history. The trial court also indicated that it had considered the victim impact statement prepared by the owner of Fischer Auto Sales and a 9-1-1 audio recording that would have been admitted as a joint trial exhibit. The trial court also considered oral statements given by Johnson, his counsel, and the prosecution. After making several findings, the trial court sentenced Johnson to the maximum prison term of 36 months, plus an additional 717 days for his post-release control violation. The trial court also ordered Johnson to pay $5,000 in restitution to Fischer Auto Sales.

{¶ 10} Johnson now appeals from his conviction and sentence, raising two assignments of error for review.

### First Assignment of Error

{¶ 11} Under his first assignment of error, Johnson challenges the 36-month prison sentence imposed by the trial court. In challenging his sentence, Johnson claims that the trial court did not properly consider the sentencing factors in R.C. 2929.12 and that the record did not support imposing the maximum sentence for his robbery offense. We disagree.

{¶ 12} When reviewing felony sentences, this court must apply the standard of review contained in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 8-9. The statute provides that "an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it 'clearly and convincingly' finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Mayberry,* 2d Dist. Montgomery No. 27530, 2018-Ohio-2220, ¶ 41, quoting R.C.

2953.08(G)(2). Because the trial court was not required to make any of the specified findings listed under R.C. 2953.08(G)(2), we need only consider whether Johnson's 36-month prison sentence is contrary to law.

**{¶ 13}** "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.), citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

**{¶ 14}** In this case, the trial court expressly stated at Johnson's sentencing hearing and in the corresponding sentencing entry that it had considered and applied the purposes and principles of sentencing as set forth in R.C. 2929.11. The record of the sentencing hearing and the sentencing entry also establishes that trial court considered the sentencing factors in R.C. 2929.12, and, although unnecessary, made several findings on the record with regard to those factors.

**{¶ 15}** For instance, under section (B) of R.C. 2929.12, the trial court found that

Johnson's conduct was more serious than conduct normally constituting the offense of robbery because he: (1) threatened to kill the victim during the "threatened use of force portion of the robbery"; (2) committed similar theft-related offenses in Franklin and Union counties; (3) was on community control and post-release control when he committed the robbery; (4) damaged the stolen vehicle during the robbery; (5) removed a license plate from another vehicle to place on the stolen vehicle; (6) damaged two other vehicles in the process of fleeing in the stolen vehicle; (7) initiated a series of actions that caused the victim to arm himself with a firearm, thus raising the potential for homicidal violence; and (8) committed the robbery just eight days after being released from West Central Community Based Correctional Facility programming ("West Central programming").

{¶ 16} Under section (C) of R.C. 2929.12, the trial court found that there were no factors making Johnson's conduct less serious than conduct normally constituting the offense of robbery.

{¶ 17} Under section (D) of R.C. 2929.12, the trial court found that Johnson was more likely to commit future crimes because he: (1) was on community control and post-release control at the time of the robbery offense in question; (2) was previously adjudicated a juvenile delinquent and had a history of criminal convictions; (3) has not responded favorably to prior sanctions imposed; (4) committed the robbery eight days after successfully completing West Central programming; and (5) showed no genuine remorse.

{¶ 18} Under section (E) of R.C. 2929.12, the trial court found no factors indicating that Johnson was less likely to commit future crimes. The trial court also found that Johnson had no military service record when considering section (F) of R.C. 2929.12.

{¶ 19} Johnson contends that the trial court failed to properly consider the sentencing factors under R.C. 2929.12 because the trial court ignored certain mitigating factors that made his offense less serious. Specifically, Johnson claims that the trial court erred in failing to consider that he was not carrying a weapon during the robbery and made only verbal threats.   Johnson also claims that the trial court failed to consider that no one was physically injured during the robbery and that he immediately apologized to the victim of the offense.   Johnson further argues that the trial court should have considered that he only caused property damage in the amount of $5,000.   According to Johnson, the record does not establish that $5,000 constituted severe damage to the victim because the victim did not report the property damage to his insurance company. Upon review, we find that all of Johnson's arguments lack merit.

{¶ 20} Although not specifically discussed as a less-serious factor under R.C. 2929.12(C), the record indicates that the trial court did consider the fact that the victim was not physically harmed during the offense.   *See* Sentencing Trans. p. 49-50.   When making that consideration, the trial court found that the lack of physical harm should not be a reason to take the offense less seriously since Johnson threatened to kill the victim during the offense and the victim took the threat seriously by retrieving a firearm.   *Id.* The trial court also considered the fact that Johnson was unarmed during the offense, but additionally considered the fact that the victim did not know that Johnson was unarmed. *Id.* at 51.   The trial court further considered that Johnson apologized to the victim, but found the apology did not reflect genuine remorse since Johnson subsequently failed to appear for trial and absconded from court until he was arrested on November 14, 2018. *Id.* at 62-63.   Finally, we fail to see how Johnson causing $5,000 worth of property

damage (whether that amount constitutes severe damage or not) would qualify as a factor making Johnson's offense less serious.

{¶ 21} Based on the record, we find that the trial court properly considered the sentencing factors under R.C. 2929.12 and the purposes and principles of sentencing in R.C. 2929.11. Therefore, because the trial court properly considered that criteria, and because Johnson's 36-month prison sentence is within the authorized statutory range for his third-degree felony robbery offense, *see* R.C. 2929.14(A)(3)(b), Johnson's sentence is not contrary to law.

{¶ 22} Where a sentence is not contrary to law, we may modify or vacate it only if we find by clear and convincing evidence that the record does not support the sentence. *Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23. Upon review, we cannot say that Johnson's felony sentence is clearly and convincingly unsupported by the record.

{¶ 23} The most recent PSI report considered by the trial court reflects that between 2003 and 2016, Johnson was convicted and sentenced for felony offenses in six different counties on 13 different occasions. Specifically, Johnson was convicted for multiple counts of receiving stolen property, burglary, theft, and breaking and entering. Johnson was also convicted for carrying a concealed weapon, arson, attempted theft, and possession of cocaine. The PSI reports further indicated that Johnson has a lengthy juvenile record. Between 1997 and 2000, Johnson was adjudicated a juvenile delinquent for criminal damaging, burglary, aggravated menacing, arson, petty theft, and grand theft of an automobile. The PSI reports also confirm that Johnson committed the robbery offense in question while on community control and post-release control supervision in

other counties.

{¶ 24} With regard to the incident in question, the police narrative indicates that Johnson smashed the window of the vehicle he was attempting to steal and then jumped from the vehicle while it was moving in an attempt to flee from the business owner.   After Johnson jumped from the moving vehicle, the vehicle began to spin and damaged two other vehicles on the Fischer Auto Sales lot, which resulted in $5,000 worth of property damage.   During the incident, Johnson also threatened force against the business owner, which caused the business owner to retrieve a firearm.   Then, after his arrest and indictment, Johnson violated his bond by failing to appear for trial, and did not return to court until he was arrested under the trial court's warrant seven months later.

{¶ 25} Based on Johnson's actions during and after the robbery offense, and considering Johnson's extensive criminal history, we do not clearly and convincingly find that the record does not support Johnson's 36-month prison sentence.   Therefore, Johnson's first assignment of error is overruled.

## Second Assignment of Error

{¶ 26} Under his second assignment of error, Johnson contends that the trial court erred in denying his motion to appoint new trial counsel.   We again disagree.

{¶ 27} " 'An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate "good cause" to warrant substitution of counsel.' " *State v. Cowans*, 87 Ohio St.3d 68, 72, 717 N.E.2d 298 (1999), quoting *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir.1990).   *Accord State v. Murphy*, 91 Ohio St.3d 516, 523, 747 N.E.2d 765 (2001).   "[I]n order to demonstrate the good cause necessary to

warrant removing court appointed counsel and substituting new counsel, defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize defendant's Sixth Amendment right to effective assistance of counsel." *State v. Coleman*, 2d Dist. Montgomery No. 19862, 2004-Ohio-1305, ¶ 24, citing *State v. Coleman*, 37 Ohio St.3d 286, 292, 525 N.E.2d 792 (1988) and *Murphy* at 523.

**{¶ 28}** "Disagreement between the attorney and client over trial tactics and strategy does not warrant a substitution of counsel." (Citation omitted.) *State v. Furlow*, 2d Dist. Clark No. 03CA0058, 2004-Ohio-5279, ¶ 12. "Furthermore, 'mere hostility, tension and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense.' " *State v. Monahan*, 2d Dist. Darke No. 2018-CA-2, 2018-Ohio-4633, ¶ 58, quoting *Furlow* at ¶ 12. (Other citation omitted.)

**{¶ 29}** "The decision whether or not to remove court appointed counsel and allow substitution of new counsel is addressed to the sound discretion of the trial court, and its decision will not be reversed on appeal absent an abuse of discretion." *Furlow* at ¶ 13, citing *Murphy* at 523. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

**{¶ 30}** As previously noted, Johnson's request for new trial counsel was based on his claim that his counsel failed to convey a plea offer to him and failed to act in his best interest by not making the trial court aware of his drug, alcohol, and mental health issues. Following a hearing on the motion (the transcript for which Johnson did not file on appeal), the trial court found that Johnson's trial counsel did convey all the State's plea offers and that Johnson rejected them. The trial court also found that Johnson's counsel had appropriately evaluated the question of Johnson's mental health and his competency to stand trial, and it found no reason to question counsel's decision not to raise his mental health and drug and alcohol issues prior to trial. The trial court further found that Johnson failed to establish a breakdown in the attorney-client relationship so as to warrant appointing new counsel.

**{¶ 31}** Given that no transcript of the motion hearing was filed in this appeal, we must presume the validity of the trial court's findings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."). Moreover, counsel's decision not to raise Johnson's mental health, drug, and alcohol problems before the trial court amounts to a disagreement in trial strategy, which does not warrant appointing new counsel. *See Furlow,* 2d Dist. Clark No. 03CA0058, 2004-Ohio-5279, at ¶ 12. For these reasons, we do not find that the trial court's decision denying Johnson's motion to appoint new trial counsel was an abuse of discretion. Therefore, Johnson's second assignment of error is overruled.

## Conclusion

**{¶ 32}** Having overruled both assignments of error raised by Johnson, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies sent to:

Samuel Adam Usmani
Paul E. Wagner
Hon. Nick A. Selvaggio